IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jacques Early, | ) | C/A No. 6:19-cv-02846-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| James Alton Cannon, Jr., *Deputy Sheriff*, and Joyce Monts, *Solicitor*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a former State pretrial detainee, filed this action against Defendants, alleging, *inter alia*, violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on October 31, 2019, recommending that the Court dismiss Defendant Monts from this action and dismiss Plaintiff's official capacity claims against Defendant Cannon. ECF No. 15. However, the Magistrate Judge recommended that Plaintiff's remaining claims against Defendant Cannon in his individual capacity proceed. *Id.* Plaintiff filed objections to the Report. ECF No. 19.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of specific objections,

1

the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition)).

The Magistrate Judge first recommends dismissal of Plaintiff's claims against Defendant Monts because she is entitled to prosecutorial immunity. Plaintiff objects, claiming that Defendant Monts stepped out of her role as a prosecutor and "took on investigative actions by obtaining [and] investigating Kenneth Johnson's[1] jailhouse phone calls." ECF No. 19 at 1. Therefore, according to Plaintiff, Defendant Monts' actions were not "related to her role as a prosecutor." *Id.* The Supreme Court has acknowledged that "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). To that end, the Supreme Court noted that "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer, it is 'neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other.'" *Id.* (quoting *Hampton v. Chicago*, 484 F.2d 602, 608 (7th Cir. 1973)). As the Magistrate Judge correctly noted, "[h]ere, it appears that the alleged wrongful conduct of Defendant Monts relates to her actions in pursuing a criminal case against Plaintiff, arising from his arrest following the traffic stop in June 2017." ECF No. 15 at 8. The Court agrees with the Magistrate Judge that "[t]he alleged conduct is intricately related to the judicial process

---

[1] As the Report notes, Kenneth Johnson was "Plaintiff's co-defendant and the other occupant in the car at the time of Plaintiff's arrest for the charges he now challenges." ECF No. 15 n.3.

2

and to the prosecution of the State's case against Plaintiff." *Id.* Accordingly, Defendant Monts has absolute immunity from suit, and Plaintiff's objection is overruled.

The Magistrate Judge next recommends dismissing Plaintiff's claims against Defendant Cannon in his official capacity. Plaintiff objects, contending "[i]f allowed a trial[,] Plaintiff can prove defendant, a Deputy Sheriff[,] knew his actions violated clearly established rights." ECF No. 19 at 2. Plaintiff's objection misapprehends the Magistrate Judge's recommendation, which merely holds that the Eleventh Amendment bars Plaintiff's claims to the extend they lie against Defendant Cannon in his official capacity. Plaintiff's claims against Defendant Cannon in his individual capacity have been authorized for service and Plaintiff may seek to prove the constitutional wrongs alleged in the Complaint as to those claims. Accordingly, Plaintiff's objection is overruled.

For the reasons stated above, the Court overrules Plaintiff's objections and **ADOPTS AND INCORPORATES** the Report. Defendant Monts and Plaintiff's claims against Defendant Cannon in his official capacity are **DISMISSED**.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 28, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

---

[2] The Court declines to provide Plaintiff an opportunity to amend his Complaint because any attempt to cure the deficiencies in the Complaint identified above would be futile for the reasons stated herein and in the Report. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015).

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.